# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60815
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2017

Lyle W. Cayce
Clerk

RUSSELL K. HILL,

> Plaintiff-Appellant

v.

STATE OF MISSISSIPPI,

> Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-16

Before DENNIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Russell K. Hill, Mississippi prisoner # L3506, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his motion to reinstate or reopen proceedings pertaining to his 2010 petition for writ of mandamus on the ground that the district court's judgment denying the petition was void ab initio. In the petition, Hill requested that the district court compel the Mississippi Supreme Court to file

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60815

his state habeas application challenging his conviction and sentence for armed robbery.

The district court denied the motion to reopen and denied Hill leave to proceed IFP on appeal, certifying that Hill's appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A).  Thus, the instant motion is a challenge to the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Hill has not shown that his appeal involves legal points arguable on their merits.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  His argument that the district court should have directed the Mississippi Supreme Court to consider his state habeas application is without merit, *see Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973), and he has not raised a nonfrivolous challenge to the denial of his motion to reinstate or reopen proceedings under Federal Rule of Civil Procedure 60(b)(4), as he has not shown that the district court lacked subject matter or personal jurisdiction or "acted in a manner inconsistent with due process of law," *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (internal quotations marks and citation omitted).

Accordingly, his motion for leave to proceed IFP on appeal is DENIED. Further, because "it is apparent that an appeal would be meritless," *Baugh*, 117 F.3d at 202 n.24, the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  Hill is CAUTIONED that future frivolous, repetitive, or otherwise abusive challenges to his conviction and sentence will subject him to sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.  He

No. 16-60815

should review any pending appeals and actions and move to dismiss any that are frivolous.